UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MALCOM D. COBB, JR.,

    Plaintiff,

v.                              CAUSE NO. 3:20-CV-623-DRL-MGG

WARDEN HYETT *et al.*,

    Defendants.

## OPINION & ORDER

Malcom D. Cobb, Jr., a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, [u]nrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

> A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions. To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim # 1 against Defendant A, and claim # 2 against Defendant B, only if both claims arise "out of the same transaction, occurrence, or series of transactions or occurrences."

*Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

In the complaint, Mr. Cobb, who cannot walk on his own, asserts claims based on the following incidents:

- On June 28, 2019, Warden Hyatte and Lieutenant Thompson confiscated a chair from his cell, forcing him to crawl into his cell and reinjure his leg.

- On August 8, 2019, Major Powell ordered Lieutenant Snow to hand cuff Mr. Cobb and drag him into his cell, which reinjured his leg.

- In September 2019, Lieutenant Snow denied him access to a handicap-accessible table in the cafeteria and told him to "go lay down and die somewhere."

- On December 16, 2019, Deputy Warden Payne placed him in the segregation unit in an unsanitary cell and denied him access to a handicap-accessible cell.

These incidents, as described in the complaint, don't comprise a single transaction or occurrence nor do they comprise a series of interrelated transactions or occurrences. *See In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012) (stating that the operative test is "whether there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant"); *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 201 (N.D. Ill. 2013) (same). Though these incidents may have occurred at the same correctional facility, they involve different members of correctional staff engaging in several types of conduct at various times throughout the course of six months. Therefore, Mr. Cobb's claims are unrelated, and he cannot litigate them all in a single lawsuit.

When a *pro se* plaintiff files a lawsuit with unrelated claims, this court's practice is to allow him to decide which claim (or group of related claims) to pursue in the instant case and to allow him to decide whether to bring the remaining claims in separate lawsuits. This is the fairest solution to the plaintiff because "the plaintiff as master of the

complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

Mr. Cobb also filed a motion for leave to proceed *in forma pauperis*. Because he did not attach a copy of his prison account summary for the last six months as required by 28 U.S.C. § 1915(a)(2), the motion is denied. To proceed with this case, Mr. Cobb must either immediately pay the filing fee in full or file a motion for leave to proceed *in forma pauperis*. If he chooses to file a motion for leave to proceed *in forma pauperis*, he should request this court's form motion from the law library and must attach his prison account ledgers for the last six months.

For these reasons, the court:

(1) GRANTS Malcom D. Cobb, Jr., until October 12, 2020 to file an amended complaint and to resolve his filing fee status; and

(2) CAUTIONS Malcom D. Cobb, Jr., that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED.

September 14, 2020                              *s/ Damon R. Leichty*
                                                Judge, United States District Court