UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MALCOM D. COBB, JR.,

　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　CAUSE NO. 3:20-CV-623 DRL-MGG

WARDEN HYETT *et al.*,

　　　　Defendants.

OPINION & ORDER

Malcom D. Cobb, Jr., a prisoner without a lawyer, filed a motion for leave to amend the complaint. Because Mr. Cobb is entitled to amend his complaint once as a matter of course at this stage of the proceedings, the court grants this motion. *See* Fed. R. Civ. P. 15(a)(1). Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Mr. Cobb alleges that he was confined to a wheelchair after undergoing a leg amputation procedure. The doorframe of his cell at the Miami Correctional Facility was too narrow for him to pass through it in his wheelchair, so each time he went in or out of his cell, Mr. Cobb moved himself from the wheelchair to a plastic chair, folded his wheelchair to fit it through the doorframe, and then moved back from

the plastic chair to his wheelchair. On June 28, 2019, Warden Hyatte ordered correctional staff to remove plastics chairs from every cell. Mr. Cobb begged Lieutenant Thompson to refrain from taking the plastic chair in his cell to no avail. Warden Hyatte and Lieutenant Thompson told him that he could crawl in and out of his cell, and he was forced to do so for a week. During that week, he cut himself on the doorframe as he crawled into his cell, which caused an infection.

Mr. Cobb asserts an Eighth Amendment claim against Warden Hyatte and Lieutenant Thompson for removing the plastic chair in his cell. Though Mr. Cobb's injury was unfortunate, the amended complaint does not suggest that the defendants violated his Eighth Amendment rights. To start, the amended complaint does not suggest that the defendants intended to punish Mr. Cobb by removing the plastic chair from his cell given the allegation that plastic chairs were removed from all cells. *See Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (holding that a prisoner may assert an Eighth Amendment claim for conduct "intended to humiliate and inflict psychological pain").

Correctional staff may not violate an inmate's rights under the Eighth Amendment by acting with deliberate indifference to a substantial risk of serious harm to him. *O'Brien v. Indiana Dept. of Correction ex rel. Turner*, 495 F.3d 505, 508 (7th Cir. 2007). In this context, substantial risks are "risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). The amended complaint suggests that Mr. Cobb suffered serious harm. Crawling in and out his cell for a short time period no doubt was unpleasant and undignified, but the allegations do not suggest that the defendants were aware that the one-week removal of a plastic chair posed a

substantial risk of serious harm to Mr. Cobb. Consequently, the amended complaint does not state a valid Eighth Amendment claim.

Mr. Cobb also asserts that the defendants retaliated against him in violation of the First Amendment. "To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). The amended complaint does not suggest that Mr. Cobb engaged in First Amendment activity that would serve as the basis of a retaliatory motive. Further, given that plastic chairs were removed from all cells, the allegations do not suggest that the defendants intended to retaliate against Mr. Cobb by removing the chair in his cell. Therefore, the amended complaint does not state a plausible claim of First Amendment retaliation.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the amended complaint does not state a claim upon which relief may be granted.

SO ORDERED.

January 8, 2021                                   *s/ Damon R. Leichty*
                                                  Judge, United States District Court